# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANNETTE WALKER GOGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>HOUSING URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | Case No. 2:21-cv-00655-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 1] |

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

## I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) is granted.

## II. Screening Complaint

### A. Legal Standard

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Plaintiff asserts claims against Housing and Urban Development ("HUD"), Southern Nevada Regional Housing Authority ("SNRHA"), the State of Nevada, Ana Mitchell-Crew, and Eugene Ortega ("Defendants"). Docket No. 1-1 at 1.[1] Although difficult to follow, Plaintiff's claims appear to arise out of eviction proceedings in state court.[2] Plaintiff alleges that, in

---

[1] The Court liberally construes Plaintiff's filing as she is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[2] Plaintiff's complaint references case number 21E002078 in the Las Vegas Justice Court. *See* Docket No. 1-1 at 6, 9. The Court takes judicial notice of the Las Vegas Township Justice Court Records Inquiry website, which lists the identified case as an eviction proceeding. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of government websites).

December 2019, she discovered black mold on her bathroom ceiling and used her own funds to remove the black mold because her landlord "took so long to remedy the problem." *Id.* at 2–3. Plaintiff further alleges that her landlord relocated her to another property after conducting an air quality test and detecting positive results. *Id.* at 3. Plaintiff alleges that the property her landlord relocated her to also had "reported black mold issues[.]" *Id.* In addition, Plaintiff alleges that she "was not given the same option as other residents with the same issue" and that she was not reimbursed for the funds she used to remove the black mold. *Id.* Plaintiff alleges that, in November 2020, her landlord conducted a second air quality test and again detected positive results.[3] *Id.* Plaintiff further alleges that she was not relocated to a safe environment after the second air quality test. *Id.* Based on these allegations, Plaintiff seeks injunctive relief and $25 million for pain and suffering. *Id.* at 5, 6.

Plaintiff's complaint suffers from several deficiencies. First, the complaint fails to include any allegations against Defendants State of Nevada, Ana Mitchell-Crew, or Eugene Ortega. Although listed as defendants in the caption of the complaint, the allegations in the complaint make no reference to these defendants. Plaintiff broadly alleges that Defendants violated her constitutional rights, but the allegations in the complaint fail to describe each defendant's alleged involvement with respect to each alleged constitutional violation. Thus, the Court finds that Plaintiff's complaint fails to allege sufficient facts to state a claim upon which relief can be granted against Defendants State of Nevada, Ana Mitchell-Crew, and Eugene Ortega. *See Ansara v. Maldonado*, 2020 WL 2281476, at *8 (D. Nev. May 7, 2020) (citing *Twombly*, 550 U.S. at 555) ("[T]he central reason for the Court to grant dismissal of this first claim is its failure to give notice to the defendant (or defendants) who committed the wrongful conduct and through what specific actions"); *see also Alexander v. Leung*, 2019 WL 1118561, at *3 (D. Nev. Feb. 11, 2019) ("An individual defendant is not liable on a civil rights claim unless the facts establish . . . defendant's personal involvement in some constitutional deprivation, or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation").

---

[3] The complaint does not make clear whether the landlord conducted the second air quality test at Plaintiff's original or relocated property.

3

The complaint also fails to allege sufficient facts to establish that Plaintiff is entitled to relief from Defendant HUD. The complaint alleges that Plaintiff "wants the world to know of the abuse, misuse, violations, discrimination, and retaliation" of Defendant HUD and that Defendant HUD failed to appear for a court proceeding. Docket No. 1-1 at 4, 5. However, these vague allegations fail to show that Defendant HUD engaged in unlawful conduct or caused a concrete injury. The Court, therefore, finds that Plaintiff's complaint fails to allege sufficient facts to establish a claim for relief against Defendant HUD. *See Ashcroft*, 556 U.S. at 678 ("[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Jackson v. Social Security*, 2016 WL 2930704, at *1 (D. Nev. May 17, 2016) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) ("A complaint 'must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively'").

Finally, the complaint fails to state a claim for relief against Defendant SNRHA. The allegations in the complaint focus on Plaintiff's landlord, whom she identifies as both Defendant SNRHA and Nikki Scott. Docket No. 1-1 at 3, 5. Plaintiff's failure to clearly identify her landlord is significant for at least two reasons. First, Plaintiff does not identify Nikki Scott as a defendant in this case. *See Tagle v. Nevada*, 2018 WL 3973404, at *3 (D. Nev. Aug. 20, 2018) (citing *Hebbe*, 627 F.3d at 341–42) ("Though *pro se* pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief") *see also Mile v. Ryan*, 2013 WL 3335217, at *6 (D. Ariz. July 2, 2013) ("The Court will not infer a claim where one is not alleged"). Second, Plaintiff alleges that her landlord violated her Fourth Amendment rights, an analysis that depends, in part, on the identity and purpose of the alleged wrongdoer. *See Myers v. Baca*, 325 F. Supp. 2d 1095, 1103 (C.D. Cal. 2004) (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 335 (1985)) ("Indeed, the Fourth Amendment is 'applicable to the activities of civil as well as criminal authorities'"); *see also United States v. Attson*, 900 F.2d 1427, 1431 (9th Cir. 1990) ("Under the proper factual circumstances, therefore, governmental conduct that is motivated by investigatory or administrative purposes will fall within the scope of the [F]ourth [A]mendment since such conduct constitutes a search or seizure").

Moreover, Plaintiff's requested relief appears to arise from eviction proceedings in state court. Absent from the complaint, however, is a clear explanation of how the allegations regarding black mold and relocation relate to Plaintiff's eviction proceedings. Although Plaintiff alleges that her landlord delivered a letter stating that "she has until April 22, 2021 to remove items," Docket No. 1-1 at 5, she fails to explain the connection between her landlord's actions and her allegations regarding black mold and relocation.[4] In short, the allegations in the complaint bear no clear relationship to the relief Plaintiff requests, preventing the Court from finding that Plaintiff alleges sufficient facts to state a claim upon which relief can be granted against any defendant, including Defendant SNRHA.[5] *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges"); *see also Hunter v. U.S. Bank Nat'l Ass'n*, 2020 WL 515836, at *2 (D. Nev. Jan. 31, 2020) ("The purpose of this [pleading] requirement is not only to provide defendants with a fair opportunity to respond to plaintiff's allegations, but also to ensure the effective use of the court's resources").

### III.  Conclusion

Accordingly, **IT IS ORDERED** that:

1.   Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Docket No.
   1. Plaintiff shall not be required to pay the filing fee.

---

[4] Plaintiff also alleges violations of federal and state housing regulations, but fails to establish which defendants allegedly violated these regulations and what regulations were allegedly violated. *See* Docket No. 1-1 at 3–4; *see also Carney v. Kaufman*, 2015 WL 995160, at *3 (D. Nev. Mar. 6, 2015) ("The complaint lacks adequate facts to support a claim against [defendant] and does not clearly describe what laws he may have violated").

[5] A clear account of the factual and procedural posture of the eviction proceedings underlying Plaintiff's complaint is particularly important in light of the proper respect the Court owes to state functions under the *Younger* and *Rooker-Feldman* doctrines. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("*Younger* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances"); *Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[U]nder . . . the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments"). *But see Greene v. U.S. Bank, N.A. as Tr. for Truman 2016 SC6 Title Tr.*, 2020 WL 1308344, at *2 (N.D. Cal. Jan. 10, 2020) (citing *Logan v. U.S. Bank Nat. Ass'n.*, 722 F.3d 1163, 1169 (9th Cir. 2013)) ("As to the abstention argument, the Ninth Circuit has recently established that *Younger* abstention likely does not apply in the eviction context"); *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("On other hand, where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction").

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **May 26, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: April 23, 2021

_____
Nancy J. Koppe
United States Magistrate Judge